NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RICHARD B. DeREMER III, | ) | |
| | ) | Supreme Court No. S-16194 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-14-09396 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT[*] |
| OF CORRECTIONS, | ) | |
| | ) | No. 1676 – May 2, 2018 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Michael D. Corey, Judge.

Appearances: Jon Buchholdt, Buchholdt Law Office, and Christopher V. Hoke, Hoke Law, Anchorage, for Appellant. Matthias Cicotte, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee. Susan Orlansky, Reeves Amodio, LLC, Anchorage, for Amicus Curiae ACLU of Alaska Foundation. Cynthia Strout, Anchorage, for Amicus Curiae Alaska Association of Criminal Defense Lawyers.

Before: Stowers, Chief Justice, Maassen, Bolger, and Carney, Justices. [Winfree, Justice, not participating.]

---

[*]     Entered under Alaska Appellate Rule 214.

## I. INTRODUCTION

The Alaska Department of Corrections (DOC) found a prisoner guilty of a high-moderate infraction. The prisoner appealed to the prison superintendent, arguing that the correctional officer had not correctly filled out the original incident report. On further appeal to the superior court, he argued that the disciplinary tribunal had not made the necessary findings of fact in the constitutionally required written report of its decision and that the tribunal had impermissibly shifted the burden of proof. The superior court affirmed the disciplinary decision, finding that the prisoner had waived any objection to the tribunal's findings and, in the alternative, that he had not shown he had been prejudiced by any alleged deficiencies in the proceeding. The prisoner, now released from custody, appeals both conclusions. We affirm because the prisoner has not shown that his rights were prejudiced by the actions of the disciplinary committee.

## II. FACTS AND PROCEEDINGS

Richard DeRemer, a prisoner at Spring Creek Correctional Center, was observed grabbing hold of another prisoner on August 24, 2014. A correctional officer who observed the incident completed an incident report that stated DeRemer had taken "a couple of swings" at the other prisoner and torn the other prisoner's shirt. DeRemer denied the allegation and claimed that the incident was merely "horseplay" and that he and the other prisoner were just "goofing around." DeRemer was cited for the major infraction of "assault by a prisoner upon another prisoner under circumstances that create a substantial risk of serious physical injury."[1] The charge was subsequently reduced to the high-moderate infraction of "fighting (i.e., mutual combat) with a person."[2]

---

[1]    22 Alaska Administrative Code (AAC) 05.400(b)(6) (2017).

[2]    22 AAC 05.400(c)(1).

At his September 9 disciplinary hearing, DeRemer was found guilty and received a penalty of 30 days of punitive segregation, with 10 suspended. The written report of the disciplinary decision was not fully filled out; in the space for listing "reasons, evidence considered, and specific facts" upon which the finding was based, the hearing officer simply wrote "Guilty based on the documentation of the written report and preponderance of evidence, no compelling testimony to the contrary."[3] DeRemer appealed the decision to the superintendent, explaining his version of events and arguing that "horseplay" does not qualify as "fighting" for purposes of the regulation.[4] The superintendent reviewed video of the incident and concluded DeRemer's conduct was "much more than 'horseplay' "; he accordingly denied the appeal.[5] The record does not indicate that the video was reviewed or relied upon by the disciplinary tribunal.

DeRemer then filed an appeal to the superior court. His appeal raised two primary arguments. First, he claimed that the disciplinary tribunal had failed to make the written findings of fact required by 22 AAC 05.475(a)(3)[6] and this failure violated his

---

[3] The "written report" refers to the incident report prepared by the correctional officer who observed the incident.

[4] DeRemer also suggested that DOC had confiscated or lost some of his personal property, a claim that appears to be unrelated to the underlying incident. He also claimed that the disciplinary incident negatively affected a telephonic hearing in which he participated as part of an unrelated administrative appeal.

[5] The superintendent also stated that in any case, "as a matter of course we do not distinguish" between fighting and horseplay.

[6] 22 AAC 05.475(a)(3) requires that if the disciplinary tribunal finds a prisoner guilty of an infraction, its written decision must include "a statement of the disciplinary tribunal's adjudicative and dispositive decisions and the reasons for those decisions, including a statement of the evidence relied upon and the specific facts found to support the disciplinary tribunal's decision."

constitutional rights and prejudiced his right to a fair adjudication.[7] Second, he argued that the tribunal impermissibly shifted the burden to DeRemer in violation of 22 AAC 05.455(a).[8] The State argued that DeRemer's claims were waived and had not been preserved for appeal; that DOC did not shift the burden of proof; and that any deficiencies in the tribunal's written report had not been prejudicial.

The superior court denied DeRemer's appeal on the grounds that DeRemer had waived all of his arguments on appeal by failing to raise them during the disciplinary appeal process. The court further held that even if DeRemer had not waived these issues, he had failed to show that his right to a fair adjudication was prejudiced by the actions of the disciplinary committee. DeRemer appeals this denial.

## III. DISCUSSION

The superior court concluded DeRemer waived all of his arguments on appeal by "fail[ing] to raise [them] at any point during his appeal to the superintendent." However, in *Walker v. State* we held that failure to exhaust constitutional claims during the administrative appeal process does not necessarily bar a prisoner from raising those claims in superior court.[9] We further held that Walker had not forfeited his claims by

---

[7] *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) (holding that a written statement as to evidence relied on by factfinders is required in disciplinary actions); *Brandon v. State, Dep't of Corr.*, 865 P.2d 87, 91 (Alaska 1993) (same).

[8] This provision provides that "[a] prisoner is presumed innocent of an infraction, and the facility has the burden of establishing guilt." 22 AAC 05.455(a). DeRemer also argued that DOC had denied him a "fair and impartial" tribunal. This argument, which DeRemer also asserts on appeal to this court, appears to be based on his other two claims, and we therefore do not separately address it.

[9] *Walker v. State*, __ P. 3d __, Op. No. 7237 at 5-12, 2018 WL 1977108, at *3-5 (Alaska Apr. 27, 2018).

failing to raise them below.[10]  Thus, we would not affirm on the basis of waiver without first determining whether DeRemer's appeal is meaningfully distinguishable from the appeal we examined in *Walker*.

We do not need to make that determination, however, because DeRemer has failed to show prejudice. "[F]or us to reverse a disciplinary determination, an inmate must demonstrate both that a constitutional right was violated and that the violation prejudiced the inmate's right to a fair adjudication."[11]  On appeal, DeRemer argues that it is "inconceivable" that DOC's failure to follow regulations governing the disciplinary process did not prejudice his right to a fair adjudication.  But we conclude that DeRemer has failed to demonstrate that his right to a fair hearing was prejudiced by either of the procedural deficiencies he identifies.[12]

We first turn to DeRemer's argument that the findings of fact in the disciplinary tribunal's decision were deficient.  In some instances, a disciplinary tribunal's failure to prepare written findings makes it "difficult for an inmate to know what formed the basis for the conviction, and to obtain meaningful review."[13]  Generally, however, the lack of written findings will not be prejudicial when the hearing record

---

[10]    *Id*.

[11]    *James v. State, Dep't of Corr.*, 260 P.3d 1046, 1056 (Alaska 2011); *see* AS 33.30.295(a).

[12]    We review de novo whether a party has suffered prejudice.  *See Kodiak Island Borough v. Roe*, 63 P.3d 1009, 1015 (Alaska 2003).

[13]    *Brandon v. Dep't of Corr.*, 865 P.2d 87, 91 (Alaska 1993).  In *Brandon*, we resolved the appeal on other grounds and thus did not decide whether the lack of findings "prejudiced [the prisoner] so as to violate his rights."  *Id*.

adequately establishes the basis for the decision.[14] Here, the disciplinary decision stated that DeRemer's conviction was based on "the documentation of the written report" and that there was "no compelling testimony to the contrary." The basis of the hearing officer's decision is evident: he found the incident report compelling, and did not believe DeRemer's account.[15]

On appeal, DeRemer also argues that in light of the United States Supreme Court's holding in *Wolff v. McDonnell*,[16] any statutory prejudice requirement is unenforceable. However, in *Pease-Madore v. State, Department of Corrections*, we considered and rejected a substantially identical argument, concluding that it is irreconcilable with both our precedent and the statute governing disciplinary appeals.[17] Thus, DeRemer must demonstrate that the absence of written factual findings prejudiced his right to a fair adjudication. He has not done so.

Nor has DeRemer shown that he suffered prejudice as a result of the alleged burden shifting. DeRemer argues on appeal that "the tribunal inadvertently and impermissibly shifted the burden of proof to DeRemer." But he does not claim that the shift in burden of proof actually affected the outcome of the disciplinary proceeding.[18]

---

[14] *See Pease-Madore v. State, Dep't of Corr.*, __ P.3d __, Op. No. 7232 at 13, 2018 WL 1599059, at *6 (Alaska Mar. 30, 2018).

[15] *See id.* at 13, 2018 WL 1599059, at *5.

[16] 418 U.S. 539 (1974).

[17] *Pease-Madore*, Op. No. 7232 at 13, 2018 WL 1599059, at *6; *see also* AS 33.30.295.

[18] Furthermore, it is unlikely that any impermissible burden shifting occurred. DeRemer's sole evidence in support of this claim is that the tribunal found him guilty "based on the documentation of the written report and preponderance of evidence, [and]
(continued...)

Because DeRemer has made no showing of prejudice, the "disciplinary decision may not be reversed."[19]

Accordingly, we affirm the superior court's denial of DeRemer's appeal. We note, however, that DOC regulations require disciplinary decisions to include "a statement of the disciplinary tribunal's adjudicative and dispositive decisions and the reasons for those decisions, including a statement of the evidence relied upon and the specific facts found to support the disciplinary tribunal's decision."[20] Notwithstanding the outcome in this case, we expect DOC to comply with its regulations governing disciplinary proceedings in the future.

## IV.   CONCLUSION

We AFFIRM the superior court's decision on appeal.

---

[18]   (...continued)
no compelling testimony to the contrary."  As the superior court noted, this statement does not suggest any impermissible burden shifting; rather, the statement "is reasonably interpreted to address the weight of any testimony contrary to evidence advanced by the State."

[19]   AS 33.30.295(b)(1).

[20]   22 AAC 05.475(a)(3).